IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY ADDUCI, | ) | CASE NO: 24 cv 7512 |
|     Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| KIMBERLY FOXX, | ) | |
| in her individual and official capacity, and | ) | |
| COOK COUNTY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Nancy Adduci's ("Adduci") Second Amended Complaint fails to state facts to support viable claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *et seq.* ("Title VII"), or the Illinois Human Rights Act, 775 ILCS 5/1-102(A), *et seq.* ("IHRA") and Counts II, III, V, and VI, alleging violations of those acts, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff asserts that Defendant, former Cook County State's Attorney Kimberly Foxx, in her individual and official capacity (the "Foxx") violated the ADEA, Title VII, and the IHRA by discriminating against her on the basis of her race and age and firing her in retaliation for raising concerns about alleged discrimination. However, as an Assistant State's Attorney, Plaintiff does not qualify as an "employee" under the ADEA, the IHRA, or Title VII and thus her allegations fall short as a matter of law.

**FACTUAL BACKGROUND**

Plaintiff Adduci began working for the Cook County State's Attorneys Office ("CCSAO") in 1996 as an Assistant State's Attorney ("ASA"). (Compl. ¶ 9). She worked in a variety of divisions and units, including the Criminal Appeal Division, Traffic Division, First Municipal, Felony Review Unit, Preliminary Hearing Unit, Grand Jury, and Homicide and Sex Unit. (*Id.* ¶ 9-12). In 2001, Adduci assumed a supervisory role in the Felony Review Unit and in 2003 was promoted to the felony trial division. (*Id.* ¶ 10, 12). In 2014, Adduci was promoted to a supervisory position in the Conviction Integrity Unit ("CIU"), which was later renamed to the Conviction Review Unit. (*Id.* ¶ 14). While Adduci was a CIU supervisor, the unit's "primary responsibility was to investigate claims of actual innocence and make recommendations to the State's Attorney regarding the appropriate course of action including, but not limited to, seeking to vacate convictions in certain cases following a thorough investigation." (*Id.* ¶ 16).

After five years, Adduci was promoted to Director of the CIU. (*Id.* ¶ 18). In this role, Adduci investigated claims of actual innocence, made recommendations to the State's Attorney regarding claims, and created and managed the implementation of protocols for the review of claims. (*Id.* ¶¶ 18-19).

On or about October 20, 2023, Adduci was formally removed from her position as CIU Director and moved into a deputy position within the unit. (*Id.* ¶¶ 23-24, 29). "Despite being removed as CIU's director, Adduci was asked to continue serving as the *de facto* Director and to continue her previous duties as to investigations, supervision, and policy making." (*Id.* ¶¶ 28, 31). On December 27, 2023, Adduci was asked to attend a meeting with human resources the following day, which was pushed back one additional day to accommodate Adduci. (*Id.* ¶¶ 34-36). On

2

December 29, 2023, Adduci's employment with the CCSAO was terminated effective immediately. (*Id.* ¶ 38).

On August 20, 2024 Adduci filed the present Complaint against Foxx and Cook County (the "County"). On February 25, 2025 Adduci filed an Amended Complaint. The Amended Complaint raises seven claims: 1) violation of the Equal Protection Claus, 42 U.S.C. § 1983 ("EPC"); 2) violation of the ADEA; 3) violation of Title VII; 4) violation of the Illinois Civil Rights Act of 2003, 740 ILCS 23/1, *et seq.*; 5) violation of the IHRA for racial discrimination, 775 ILCS 5/1-102(a), *et seq.*; 6) violation of the IHRA for age discrimination; and 7) indemnification of Foxx by the County.

## **LEGAL STANDARD**

A motion to dismiss made under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, a complaint must provide a defendant with fair notice of a claim's basis and must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In this respect "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

### I. The Legal Definitions Of Employee Exclude Policymaking Appointees

The ADEA and Title VII include substantively identical definitions of employee. An employee entitled to the protection of these Acts is:

> an individual employed by any employer except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.

3

29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f).

Thus, four types of people are excluded from coverage under the ADEA and Title VII: "(1) elected officials; (2) the personal staff of an elected official; (3) appointees on the policymaking level; and (4) 'an immediate advisor with respect to the exercise of the constitutional or legal powers of the office.'" *Opp v. Office of State's Att'y of Cook Cnty.*, 630 F.3d 616, 619 (7th Cir. 2010) (finding the ASAs were not covered by the ADEA); *see also*, *Parker v. Illinois Human Rights Comm.*, No. 12-cv-8275, 2016 WL 946655, *5-6 (N.D. Ill. March 14, 2016) (applying *Opp* to Title VII claims); *Michalowski v. Rutherford*, 82 F. Supp. 3d 775, 796 (N.D. Ill. 2015) (discussing same); *Levin v. Madigan*, No. 07 4765, 2011 WL 2708341, * 9 (N.D. Ill. July 12, 2011) (discussing same). An individual is considered an appointee on the policymaking level if, in that position, they authorize, "either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Opp*, 630 F.3d at 619, citing *Americanos v. Carter*, 74 F.3d 138 (7th Cir. 1996). The Seventh Circuit held that "all Assistant State's Attorneys are appointees on the policymaking level and therefore not within the coverage of the ADEA." *Opp*, 630 F.3d at 619.

"The duties and powers inherent to State's Attorneys and Assistant State's Attorneys with regard to setting policy are well-defined by Illinois statutes and our own case law." *Opp*, 630 F.3d at 621, citing 55 ILCS 5/3–9005. In relation to ASAs, the Seventh Circuit held that "under Illinois law Assistant State's Attorneys are surrogates for the State's Attorney. Assistant State's Attorneys 'possess the power in the same manner and to the same effect as the State's Attorney.' " *Opp*, 630 F.3d at 621, citing *McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir.1995) and *People v. Tobias,* 125 Ill.App.3d 234, 242 (1984)). Moreover, the Seventh Circuit determined that "an Assistant State's Attorney may, in carrying out his or her duties, make some decisions that will actually create policy." *Opp*, 630 F.3d at 621.

4

The Seventh Circuit concluded:

> Because the appellants' positions as Assistant State's Attorneys gave them inherent policymaking authority, any arguments about their actual duties are irrelevant, and we need not conduct a factual analysis of the appellants' actual job duties. Because the appellants' roles as Assistant State's Attorneys were clearly defined by statute, we find that the district court's determination as a matter of law of the policymaking status of the appellants' positions was proper.

*Opp*, 630 F.3d at 621.

Similarly, the IHRA excludes from its definition of employee "[e]lected public officials or the member of their immediate personal staffs" and "[p]rincipal administrative officers of the State or of any political subdivision, municipal corporation or other governmental unit or agency." Illinois courts generally interpret policymaking positions the same under the IHRA as under the ADEA and Title VII. *See Hanson v. Milton Township*, 177 F. Supp. 3d 1096 (N.D. Ill. 2016) (dismissing claims by deputy assessor under the ADEA and IHRA because they were in a policymaking position and part of the immediate personal staff of the township assessor, an elected position).

## II. Adduci Is Not An Employee Under the ADEA, Title VII, or the IHRA And Is Not Protected Under The Act

As an Assistant State's Attorney, Adduci was an appointee of an elected official, State's Attorney Foxx, on the policymaking level. *Opp*, 630 F.3d at 621. Therefore, she was not protected by the ADEA, Title VII, or the IHRA and cannot bring claims under any of these acts. The Seventh Circuit has explicitly stated that "all Assistant State's Attorneys are appointees on the policymaking level and therefore are not within the coverage of the ADEA." *Id*. This is especially true for Adduci, far more so than for the ASA plaintiffs in *Opp* who held "low-level position[s]." At the time Adduci was demoted and ultimately terminated, she was far from a low-level ASA; she was the Director of the CIU.

5

Adduci repeatedly asserts in the Complaint that her position at the time of the alleged violations was a policymaking role. While in supervisory positions at the CIU, Adduci emphasizes that she made "recommendations to the State's Attorney regarding the appropriate course of action including… seeking to vacate convictions," "created and oversaw the implementation of a number of CIU protocols," and made efforts to "revamp policy." (Compl. ¶¶ 16, 19, 28). In her own words, Adduci was directly involved in deciding what convictions would be vacated and how innocence claims would be evaluated. Moreover, even non-supervisory ASAs regularly make decisions whether to prosecute or dismiss a case under the authority of the State's Attorney, decisions which are binding on the government and thus inherently policymaking. *Opp*, at 621; *see also Hanson*, 177 F. Supp. 3d 1096.

Additionally, there can be little doubt that Adduci was "appointed" to her position. The State's Attorney has exclusive statutory authority to appoint ASAs. *Opp*, at 622. Specifically, "Assistant State's Attorneys are to be named by the State's Attorney of the county." 55 ILCS 5/4-2003. Adduci was appointed by the State's Attorney to an explicitly policymaking role. Therefore, Adduci is not covered by the scope of the ADEA, Title VII, or the IHRA as a matter of law and she has failed to state a claim for relief.

As laid out in detail above, Adduci was serving in an appointed policymaking role in her position generally as an ASA, and more specifically in her supervisory positions within the CIU.

## **CONCLUSION**

Title VII, the ADEA, and the IHRA provide protections from discrimination to employees. However, Adduci was not an employee under these acts. Rather she served in a policymaking position appointed by the State's Attorney. Therefore, she has failed to state a claim under the ADEA, Title VII, or the IHRA and those claims must be dismissed.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing Counts II, III, V, and VI of Plaintiff's Complaint and granting any other relief this Court deems just and proper.

| | |
|---|---|
| Dated:  April 23, 2025 | Cook County State's Attorney Office<br>By: /s/ John T. Roache<br>John T. Roache (ARDC #6216752)<br>AKERMAN LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>(312) 634-5700<br>john.roache@akerman.com<br>Attorneys for Kimberly M. Foxx in her capacity as Cook County State's Attorney |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, I caused the forgoing to be served upon all counsel of record via the Court's CM/ECF filing system.

/s/ *John T. Roache*